{¶ 1} Defendant-appellant, David Radcliffe, appeals his conviction in the Cuyahoga County Court of Common Pleas. Finding no merit to this appeal, we affirm.
 {¶ 2} Radcliffe was charged with one count of possession of crack cocaine in an amount equal to or exceeding 10 grams but less than 25 grams, and one count of drug trafficking. Radcliffe pled not guilty, waived a jury, and a bench trial ensued.
 {¶ 3} The testimony revealed that Officer Hicks of the East Cleveland Police Department received a complaint of illegal drug activity at an apartment building on the corner of Euclid Avenue and Hastings Avenue. Officer Hicks and Officer Vargo responded to the scene. Officer Hicks testified that when he arrived, he observed four people heading into the building. He requested that they stop, but they did not comply. He then radioed Officer Vargo at the front of the building, advising him to watch because the individuals may be running out the front. Officer Vargo apprehended two individuals and found crack cocaine in their possession.
 {¶ 4} Thereafter, both officers entered the building and observed, sitting at the top of the steps, a large plate with crack cocaine residue and a razor blade. Officer Hicks also noticed a man lying outside of the window in the interior courtyard, who was then handcuffed by Officer Vargo. Officer Hicks then noticed Radcliffe at the top of a ladder in the interior courtyard. Officer Hicks ordered Radcliffe off the ladder at gunpoint. *Page 4 
 {¶ 5} After Radcliffe reached the bottom, he was ordered to put his hands up. Officer Hicks testified that Radcliffe was digging around in his pants, and when he raised his hands, a bag fell out of his waistband onto the ground. The bag contained crack cocaine. Radcliffe was placed under arrest.
 {¶ 6} Herman Bass testified for the defense. He stated that he resided at the apartment where the incident occurred. Bass explained that he had a poker game at his apartment that night. Bass admitted that he was smoking crack cocaine that evening. Bass testified that Radcliffe did not use drugs that night.
 {¶ 7} Bass testified that while he, Radcliffe, and two others were playing cards, two men came running in the back door, ran through the kitchen and out the window. Bass got up and looked out the window and saw the police. He told the other three that the police were there, specifically that Officer Hicks was there. Bass ran and Radcliffe followed.
 {¶ 8} Radcliffe testified that when he heard that it was Officer Hicks, he grabbed his money and took off. Radcliffe explained that he had had several run-ins with Officer Hicks and that he had an outstanding traffic warrant. Radcliffe testified that he had two prior convictions, dating back to 1991 and 1992.
 {¶ 9} Radcliffe testified that he saw the ladder and started to climb up it when Officer Hicks ordered him to stop. Radcliffe came down the ladder and put his hands up. Radcliffe testified that he did not put his hands near his waist and that he did not have crack cocaine on him. He testified that he did not use or sell drugs. *Page 5 
 {¶ 10} The trial court found Radcliffe guilty of possession of crack cocaine but not guilty of trafficking drugs. Radcliffe was sentenced to two years in prison.
Radcliffe appeals, advancing one assignment error for our review, which states the following:
 {¶ 11} "The trial court erred when it found the appellant guilty of drug possession when the manifest weight of the evidence could not support that verdict."
 {¶ 12} In reviewing a claim challenging the manifest weight of the evidence, the question to be answered is whether "there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt. In conducting this review, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Leonard, 104 Ohio St.3d 54, 68,2004-Ohio-6235 (internal quotes and citations omitted).
 {¶ 13} Radcliffe asserts that his conviction is against the manifest weight of the evidence because Officer Hicks's testimony was not credible. Radcliffe argues that he was gainfully employed before an injury. He owned a home and had a family. Radcliffe claimed that he has not used or sold drugs since his last conviction in 1992. Radcliffe insinuates that Officer Hicks planted the drugs on him. *Page 6 
 {¶ 14} Although an appellate court is permitted to independently weigh the credibility of the witnesses when determining whether a conviction is against the manifest weight of the evidence, we must give great deference to the fact finder's determination of witnesses' credibility.State v. Williams, Mahoning App. No. 06-MA-11, 2008-Ohio-537, citingState v. Wright, Franklin App. No. 03AP-470, 2004-Ohio-677. The policy underlying this presumption is that the trier of fact is in the best position to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the proffered testimony. Id.
 {¶ 15} In this case, the trial court found that Officer Hicks's testimony was credible. The trial court pointed out that in Radcliffe's two previous cases, Radcliffe discarded the drugs and gun upon apprehension, just like he did in this case. The trial court found that there was no evidence to contradict Officer Hicks's testimony.
 {¶ 16} We note that Radcliffe was in the company of drug dealers and drug users. He had an outstanding warrant. He hid his wallet so he could not be identified. In addition, Radcliffe ran from the police. After examining the entire record, weighing the evidence and all reasonable inferences, considering the credibility of the witnesses, we find that the trial court did not lose its way and that Radcliffe's conviction is not against the manifest weight of the evidence. Accordingly, Radcliffe's sole assignment of error is overruled.
 Judgment affirmed. *Page 7 
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, PRESIDING JUDGE
 ANTHONY O. CALABRESE, JR., J., and PATRICIA ANN BLACKMON, J., CONCUR *Page 1